UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOEL PROTACIO LAUREL, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | NO. C16-1967-JPD <br><br> ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff Joel Protacio Laurel appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

I. FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, plaintiff was a fifty-nine year old man with a college degree in Industrial Engineering. Administrative Record ("AR") at 30-31. His past experience includes work as an industrial engineer for Boeing in 2001 and 2007-2010, as well as work for three other companies as a material planner and acquisition analyst. AR at 32-34,

ORDER - 1

62. Plaintiff was last gainfully employed as an industrial engineer in January 2010, when he was laid off by Boeing. AR at 31.

On August 19, 2013, plaintiff filed an application for DIB, alleging an onset date of January 11, 2010. AR at 66-68. During the administrative hearing, however, plaintiff amended the alleged onset date to February 7, 2012. AR at 29.[1] Plaintiff asserts that he is disabled due to coronary heart disease, coronary artery bypass, acute gout arthropathy, osteoarthritis ankle/feet, diabetes type 2 uncontrolled, hypertension, hyperlipidemia, albuminuria, carpal tunnel of right wrist, cataract left eye, and deficiency anemia. AR at 67.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 85-87, 90-94. Plaintiff requested a hearing, which took place on June 9, 2015. AR at 26-65. On July 21, 2015, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on her finding that plaintiff could perform his past work as an industrial engineer (DOT # 012.167-030, sedentary) and material planner and acquisition analyst (DOT # 012.167-082, sedentary). AR at 9-21. Plaintiff's request for review was denied by the Appeals Council, AR at 1-4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On December 26, 2016, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1.

II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[1] Plaintiff's date last insured was September 30, 2012. AR at 29. Thus, plaintiff had to show that he was disabled prior to September 30, 2012, to be eligible for Title II benefits. *See* 42 U.S.C. § 416(I)(3); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

# IV. EVALUATING DISABILITY

As the claimant, Mr. Laurel bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments,

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On July 21, 2015, the ALJ issued a decision finding the following:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2012.

2. The claimant did not engaged in substantial gainful activity during the period from his alleged onset date of February 7, 2012 through the date last insured of September 30, 2012.

3. Through the date last insured, the claimant had the following severe impairments: coronary artery disease with inferolateral ischemia, degenerative joint disease (foot/ankle), and diabetes mellitus.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards.

6. Through the date last insured, the claimant was capable of performing past relevant work as industrial engineer, DOT#012.167-030, sedentary and material planner and acquisition analyst, DOT# 012.167-082, sedentary, SVP 7. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from February 7, 2012, the alleged onset date, through September 30, 2012, the date last insured.

AR at 14-21.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err by failing to fully develop the record?

2. Did the ALJ err by finding that plaintiff's gout is a non-severe impairment at step two?

3. Did the ALJ err in assessing the lay witness testimony of plaintiff's wife?

4. Did the ALJ err in assessing plaintiff's residual functional capacity?

Dkt. 12 at 1; Dkt. 13 at 1.

## VII. DISCUSSION

A. <u>The ALJ Erred by Failing to Further Develop the Insufficient Record</u>

The record in this case contains the opinion of only one medical professional, non-examining State agency physician, Howard Platter, M.D. Specifically, Dr. Platter reviewed the record on April 14, 2014, and found the diagnoses of diabetes mellitus and disease of aortic

ORDER - 6

valve to be severe impairments. AR at 80-82. Dr. Platter further opined that plaintiff's statements about his impairments are supported by objective evidence, plaintiff can occasionally lift twenty pounds and frequently lift ten pounds, plaintiff can stand or walk (with normal breaks) for a total of about six hours in an eight hour workday, plaintiff can sit for about six hours in an eight hour workday, and he does not have any visual restrictions. AR at 80-81.[3] Dr. Platter did not provide any explanation for his opinion. AR at 82.

The ALJ considered Dr. Platter's opinion but gave it only "partial weight." AR at 20. The ALJ found that Dr. Platter's opinion was "consistent with the claimant's reports of problems with walking due to foot pain and fatigue. However, the claimant's diabetes was out of control during this period and could reasonably have caused some fatigue, along with his heart condition." AR at 20. The ALJ also found that "due to his problems with fatigue, primarily with standing and walking, he would have been limited to sedentary exertional work." AR at 20. Thus, the ALJ found that plaintiff's fatigue likely had multiple causes which resulted in plaintiff being even more limited than Dr. Platter's opinion that he was limited to light work.

Plaintiff contends that the ALJ's finding was internally inconsistent, because Dr. Platter's opinion was not consistent with the claimant's reports of problems with walking due to foot pain and fatigue. AR at 20. Specifically, plaintiff testified that he needed fifteen to thirty minutes rest after one hour to one-and-a-half hours of work activity, and can exert himself for only a total of four hours per day. AR at 34-35, 42. Plaintiff also developed shortness of breath and left a bundle branch block after six minutes of exercising during a

---

[3] However, plaintiff's environmental limitations included avoiding concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. and hazards such as machinery and heights. AR at 81-82. The ALJ adopted this portion of Dr. Platter's opinion. AR at 16.

ORDER - 7

stress echocardiogram, and therefore the test had to be stopped. AR at 452. Thus, plaintiff asserts that the ALJ was correct to find that plaintiff was more limited than Dr. Platter's findings, but "the ALJ's decision to limit Plaintiff to sedentary work is based on her lay opinion, and is not supported by any medical opinion." Dkt. 12 at 8. Plaintiff contends that "there is no evidence that plaintiff is even capable of performing the exertional demands of sedentary work. Given Plaintiff's need for additional breaks, and the durational limitation on his exertional abilities, the record suggests Plaintiff can perform at a less-than sedentary exertional capacity and is precluded from full-time work." Dkt. 12 at 9. Plaintiff argues that Dr. Platter's opinion is the type of check-box form lacking any supporting explanation that suggests that an opinion should be discounted. *See* 20 C.F.R. § 404.1527(c)(3).

Finally, plaintiff argues that because the ALJ found that the lone opinion of Dr. Platter suggested a higher level of exertional functioning than what was supported by the record, AR at 20, this "ambiguity or insufficiency in the evidence" triggered the ALJ's duty to further develop the record because according to the ALJ's own findings the record does not contain a medical opinion that accurately reflects plaintiff's exertional capabilities. Dkt. 12 at 9. Thus, plaintiff asserts the ALJ should have ordered a consultative examination to provide a basis for formulating the RFC. *Id.*

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.,* 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel,* 530 U.S. 103, 110–11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits...."). One of the tools the ALJ has to develop the record is the ability to order a consultative examination, *i.e.,* "a physical or mental examination or test purchased for [a claimant] at [the Commissioner's]

request and expense." 20 C.F.R. §§ 404.1519, 416.919. However, the Commissioner "has broad latitude in ordering a consultative examination." *Reed v. Massanari,* 270 F.3d 838, 842 (9th Cir. 2001) (quoting *Diaz v. Sec'y of Health and Human Servs.,* 898 F.2d 774, 778 (10th Cir. 1990)). "The government is not required to bear the expense of an examination for every claimant." *Id.* (citing 20 C.F.R. §§ 404.1517–1519t, 416.917–919t).

In the Ninth Circuit, an ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Although the record contains only the opinion of the non-examining physician, the ALJ did not find that either of these circumstances were present in this case.

In *Reed*, the Ninth Circuit recognized that an ALJ's decision whether to order a consultation examination "turn[s] on an assessment of the quality of previously rendered medical opinions. That is an issue open to contest, and one that cannot be resolved by an ALJ without analysis from other medical professionals, of which this record is barren." *Reed*, 270 F.3d at 844. Similarly, in this case, the only medical opinion in the record before the ALJ was the single opinion of Dr. Platter, which the ALJ did not adopt because it understated plaintiff's physical limitations. Although the ALJ states that Dr. Platter's opinion was given "partial weight" because Dr. Platter acknowledged that plaintiff had some limitations with respect to plaintiff's "problems with walking due to foot pain and fatigue," the ALJ found that Dr. Platter's opinion failed to adequately account for the fatigue that likely resulted from plaintiff's uncontrolled diabetes and heart condition. The ALJ further noted that Dr. Platter underestimated the extent to which plaintiff's fatigue would have limited his ability to stand and walk during the workday. AR at 20. Thus, Dr. Platter's opinion had very limited utility.

As noted above, apart from Dr. Platter's opinion, the record is devoid of any opinion evidence from medical professionals regarding plaintiff's functional capacity. If the decision to order a consultative examination turns in part "on an assessment of the quality of previously rendered medical opinions," as the Ninth Circuit observed in *Reed*, then it is unclear why the ALJ did not take such a step in this case upon finding Dr. Platter's opinion to be generally inconsistent with the evidence. It is undisputed that Dr. Platter's opinion was not of "high quality." Indeed, the Commissioner acknowledges that "the weight given to a non-examining source depends on the degree to which they provide supporting explanations." Dkt. 13 at 6 (citing 20 C.F.R. § 404.1527(c)(3) ("[B]ecause nonexamining sources have no examining or treating relationship with you, the weight we will give their medical opinions will depend on the degree to which they provide supporting explanations for their medical opinions.")). The Commissioner further notes, "the more an opinion or assessment is explained, the more weight it will be given." *Id*. (citing SSR 96-6p). Dr. Platter provided no explanation for his opinion, and the ALJ rejected Dr. Platter's conclusion that plaintiff was capable of light work. AR at 80-82.

Thus, the record is devoid of any "quality medical opinions" regarding plaintiff's functional capacity. The Court is left with no meaningful basis to review the ALJ's ultimate conclusion that plaintiff is, in fact, physically capable of sedentary work, despite his combination of severe impairments. AR at 20. The Court therefore finds that the ALJ erred by failing to find the record inadequate to allow for proper evaluation of the evidence. Although an ALJ need not seek additional information in every instance where the existing medical records fails to support a disability finding, in this case it is not clear how the ALJ reached her conclusion that plaintiff's severe impairments of coronary artery disease, degenerative joint

disease of the foot/ankle, and uncontrolled diabetes nevertheless allowed him to perform sedentary work on a full-time basis. AR at 14-16, 20-21.

Accordingly, this case must be reversed and remanded for further administrative proceedings. On remand, the ALJ shall further develop the record by obtaining a functional assessment from a treating or examining physician.[4]

## VIII. CONCLUSION

For the foregoing reasons, this case is REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.

DATED this 11th day of August, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

---

[4] It is unnecessary to address the remaining assignments of error in this case. However, following the functional assessment, the ALJ is also directed to reconsider her discussion of the severity of plaintiff's gout at step two, as appropriate. AR at 16.